CIVIL MINUTES - GENERAL

| Case No. | SA CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** **Order GRANTING Defendants' Motion to Dismiss [Dkt. No. 47] and FINDING AS MOOT Defendants' Motion to Strike [Dkt. No. 48]**

    Currently before the Court is Defendants, HSBC Bank USA, N. A. ("HSBC"), Wells Fargo Bank, N.A. ("Wells Fargo Bank"), and Wells Fargo Asset Securities Corporation's (collectively, "Defendants") Motion to Dismiss Plaintiffs, Michael Cordas and Cathy Cordas's (collectively, "Plaintiffs"), Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 47.) Defendants concurrently filed a Motion to Strike certain portions of Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. No. 48.) Plaintiffs filed Oppositions to the instant Motions on April 26, 2011, (Dkt. Nos. 50, 51), and Defendants filed Replies on May 2, 2011, (Dkt. Nos. 52, 53). Having considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matters appropriate for decision without oral argument. FED. R. CIV. P. 78; L.R. 7-15. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED** and Defendants' Motion to Strike is **MOOT.**

I.    **BACKGROUND**

    This case arises from a refinancing loan obtained by Plaintiffs on or about April 13, 2007, from Wells Fargo Bank and secured by real property located at 10 Meridian, Newport Beach, CA 92657. (SAC ¶¶ 31, 52; Exh. A.) Plaintiffs originally filed a petition for bankruptcy under Chapter 7 with the United States Bankruptcy Court on December 24, 2009. (Mot. at 2.) On March 23, 2010, Plaintiffs filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

Complaint with the Bankruptcy Court (the "Adversary Complaint"), which the Bankruptcy Court dismissed on June 30, 2010. The Bankruptcy Court, however, granted Plaintiffs leave to amend all causes of action except the third for "Declaratory Relief, Status as a Creditor," which was dismissed with prejudice. (Mot. at 2-3.) On August 5, 2010, Plaintiffs filed a First Amended Complaint ("FAC"). (Dkt. No. 9.) The Bankruptcy Court then transferred the matter to the District Court on November 4, 2010, and on January 10, 2010 Defendants filed a Motion to Dismiss. (Dkt. No. 28.) This Court dismissed the FAC and gave Plaintiffs leave to amend their allegations except for the claims barred by the applicable statutes of limitation which were dismissed with prejudice. (Dkt. No. 41.) Plaintiffs then filed a Second Amended Complaint ("SAC") on March 24, 2011. (Dkt. No. 45.) On April 11, 2011, Defendants filed the Motion to Dismiss, Motion to Strike, and Request for Judicial Notice presently before the Court. (Dkt. Nos. 47, 48, 49.)

In their SAC, Plaintiffs allege that on June 1, 2007, Defendants communicated to them that the monthly payments on a $2.8 million loan would be $17,123.44 for seven years. (SAC ¶¶ 124-126.) Plaintiffs assert they entered into the loan agreement on April 13, 2007. (SAC ¶ 52.) In support of their allegations, Plaintiffs attach the Initial Interest Adjustable Rate Note to their Complaint. (SAC ¶ 126; Exh. A.) Based on assertions that the lender failed to use model form H-8, did not provide a proper 3-day right of rescission package, did not properly disclose certain finance charges, did not provide a HUD-1 Settlement Statement that reflected the true costs at the closing, did not disclose a Yield Spread Premium, and other assertions, Plaintiffs conclude that Defendants failed to make proper or adequate disclosures during the loan origination process in violation of the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and – asserting for the first time in their SAC – the Fair Debt Collection Practices Act ("FDCPA"). (SAC ¶¶ 101, 234, 237, 238.) Plaintiffs further assert various California State law causes of action against Defendants, including causes of action not included in their First Amended Complaint.[1] (Mot. at 4; *see* Dkt. No. 9, 45.) Defendants seek to dismiss

---

[1] In their Second Amended Complaint, Plaintiffs allege the following state law causes of action: (1) Fraud, (2) Quiet Title, (3) Rescission and Restitution under California Civil Code § 1688-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

Plaintiffs' SAC in its entirety. The Court will address Defendants' arguments below.

## II. <u>LEGAL STANDARD</u>

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d

---

1699, (4) Negligence, (5) Negligent Misrepresentation, (6) Breach of Fiduciary Duty, (7) Fraudulent Misrepresentation, (8) Common Law Fraud – Concealment, (9) Civil Conspiracy, (10) Negligent Hiring/ Supervision under California Business and Professions Code § 10159.2, (11) Violations of California Business and Professions Code § 17200, (12) Violations of the California Rosenthal Act, (13) Violations of the California Consumer Legal Remedies Act, and (14) Breach of Contract – Implied Covenant of Good Faith and Fair Dealing. (Dkt. No. 45.)

O
JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

979, 988 (9th Cir. 2001).

### III. DISCUSSION

Defendants move to dismiss Plaintiffs' tenth, twelfth, and thirteenth claims, each alleging violations of federal law. The court will address each in turn.

### A. Truth in Lending Act

TILA was enacted "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). "The Act requires creditors provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 872 (N.D. Cal 2010) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)). Under TILA, a borrower has two remedies for a loan disclosure violation. First, TILA grants a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home. 15 U.S.C. § 1635. Second, TILA grants a borrower a right to civil damages. 15 U.S.C. § 1640.

When considering a claim for rescission under TILA, a district court retains "discretion to condition rescission on tender by the borrower of the property [] received from the lender." *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1171 (9th Cir. 2003) (internal quotation marks and citation omitted). Whether rescission should be conditioned on prior tender "depends upon the equities present in a particular case," and the Ninth Circuit affirmatively instructs district courts to consider "all the circumstances, including the nature of the violations and the borrower's ability to repay the proceeds." *Id.* at 1173. (internal quotation marks and citation omitted).

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

In its previous order, the Court dismissed Plaintiffs' TILA claim for damages with prejudice as it was barred by the statute of limitations. (Dkt. No. 41.) In regard to Plaintiffs' TILA claim for rescission , the Court determined, in its discretion, that Plaintiffs' claim should be conditioned on tender or a good faith presentation of facts supporting an ability to tender. (Dkt. No. 41.)

In their SAC, Plaintiffs have failed to satisfactorily tender or to plead facts supporting an ability to tender amounts due. Indeed, rather than comply with the given leave to amend, Plaintiffs allege that the "security interest and monies alleged by [Defendants] to have been received by Plaintiffs have been satisfied in FULL," because Defendants, "have been compensated through derivatives insurance and other forms of insurance, including government subsidies, at approximately 90-100 percent of the face value of the alleged mortgage transactions." (SAC ¶ 266, 268.) From these assertions, Plaintiffs contends that the face value of the mortgage in question "can be NO MORE THAN $280,000." (SAC ¶ 118.) This amount is presumably a calculation of ten percent of the initial mortgage of $2.8 million. Plaintiffs further seek to "tender in the amount of $280,000 . . . to re-establish all parties to original equity prior to consummation of the transaction." (SAC ¶ 118.)

The Court does not find Plaintiffs' dramatically discounted calculations amusing or sufficient to satisfy the Court's earlier determination that Plaintiffs' claim for rescission should be conditioned on tender or a good faith presentation of facts supporting an ability to tender. In light of Plaintiffs' failure to comply with the leave to amend granted by the Court and the Court's continued serious doubts as to Plaintiffs' ability to fully tender, Plaintiffs' claim for rescission under TILA is **DISMISSED WITH PREJUDICE**.

### B.     Home Ownership Equity Protection Act

The purpose of HOEPA is to "combat predatory lending" practices and HOEPA functions to amend TILA. *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1008 (N.D. Cal. 2009) (quoting *In re First Alliance Mortgage Co.*, 471 F.3d 977, 984 n.1 (9th Cir. 2006)). "As HOEPA is simply part of TILA, it

O
JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

is governed by the same statute of limitations." *Hillery*, 658 F. Supp. 2d at 1008; see 15 U.S.C. § 1640(e).

In its earlier order, the Court dismissed Plaintiffs' HOEPA claim for damages with prejudice as it was barred by the statute of limitations. (Dkt. No. 41.) Further, in regard to Plaintiffs' HOEPA claim for rescission , the Court found that in order for Plaintiffs to avail themselves of the protections provided by HOEPA, Plaintiffs must establish that the loan at issue was subject to the HOEPA disclosure requirements. (Dkt. No. 41.) The relevant statute states specifically:

> (1) A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if—
>> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or
>> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of—
>>> (I) 8 percent of the total loan amount; or
>>> (ii) $400.

15 U.S.C. 1602(aa)(1). Plaintiffs must allege, in part, that the total points and fees payable at or before closing exceeded "*the greater of*— (I) 8 percent of the total loan amount; or (ii) $400." 15 U.S.C. 1602(aa)(1)(B) (emphasis added). Plaintiffs assert that they "satisfy the requirement as their closing costs were over $32,000.00 which is in excess of $400.00." (SAC ¶198.)

The total loan amount of Plaintiffs' mortgage, however, is $2.8 million. (Mot. at 1; SAC ¶ 52.) Thereby, to avail themselves of protection under HOEPA, in part, the total points and fees payable by Plaintiffs at or before closing would have to exceed *the greater of* eight percent of $2.8 million or $400. The greater of these two figures is clearly eight percent of $2.8 million – $224,000. Plaintiffs' assertion

O
JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

that "their closing costs were over $32,000.00" does not present facts sufficient to allege that the total points and fees payable by Plaintiffs exceeded the requisite $224,000. (SAC ¶ 198.) Therefore, Plaintiffs have failed to establish that the loan at issue was subject to the HOEPA disclosure requirements. Further, based on Plaintiffs' assertions, it does not appear Plaintiffs will be able to allege facts sufficient to support its HOEPA claim if again provided leave to amend. Accordingly, Plaintiffs' claim for rescission under HOEPA is **DISMISSED WITH PREJUDICE.**

### C. Racketeer Influenced and Corrupt Organization Act

To establish a claim under RICO, Plaintiffs must show the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to [Plaintiffs'] 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see Sedima S.P.R.L..v. Imrex Co.*, 473 U.S. 479 (1985). RICO cases predicated on fraud, as here, must conform to the particularized pleading requirements of Fed. R. Civ. P. 9(b), *i.e.*, they must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). Further, a "pattern," as envisioned by Congress, necessitates a greater relationship than even two predicate acts. *Sedima*, 473 U.S. at 496, 497 n.14 (pointing out that "[t]he term 'pattern' itself requires the showing of a relationship . . . So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern . . ." 116 Cong. Rec. 18940 (1970) (statement of Sen. McClellan)).

In its previous order, the Court dismissed Plaintiffs' RICO claim with leave to amend for failure to allege specific facts sufficient to support the alleged predicate acts against Plaintiffs. (Dkt. No. 41.) In all pertinent aspects, Plaintiffs' SAC is identical to their FAC with respect to their RICO claim. Therefore, because Plaintiffs fail to provide any further facts regarding their RICO claim, let alone facts supporting a pattern of predicate acts as required under RICO, Plaintiffs' RICO cause of action is **DISMISSED WITH PREJUDICE.**

O
JS-6
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

### D. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for a violation of the FDCPA, the defendant must be a "debt collector" within the meaning of the Act. *Id.* at 294. A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Indeed, creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA. *See Kuoha v. Equifirst Corp.*, No. 09cv1100 WQH (Wmc), 2009 WL 3248105 at *3 (S.D. Cal. Oct. 7, 2009); *Gentsch v. Ownit Mortgage Solutions, Inc.*, No. CV F 09-0649 LJO GSA, 2009 WL 1390843 at *7 (E.D. Cal. May 14, 2009). Further, it is well established that "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *see Connors v. Home Loan Corp.*, No. 08cv1134-L(LSP), 2009 WL 1615989 *5 (S.D. Cal. Jun. 9, 2009).

Defendants argue that the FDCPA is inapplicable because Defendant is not a debt collector and foreclosure pursuant to a mortgage does not constitute debt collection within the meaning of the FDCPA. (Mot. at 7, 23.) The Court agrees. Because Plaintiffs have failed to and are unable to state a viable claim under the FDCPA, their FDCPA claim is **DISMISSED WITH PREJUDICE**.

### E. PLAINTIFFS' CALIFORNIA STATE LAW CLAIMS

In addition to their federal claims, Plaintiffs allege various state law claims. Plaintiffs contend that the Court has federal question jurisdiction over their case pursuant to 28 U.S.C. section 1331. The Court, however, has dismissed with prejudice all of Plaintiffs' federal claims – TILA, HOEPA, RICO, and FDCPA.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01888 ODW | Date | May 13, 2011 |
|---|---|---|---|
| Title | *Cordas, et al. v. HSBC Bank USA, N.A., et al.* | | |

Because Plaintiffs do not assert a federal claim under 28 U.S.C. section 1331, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Lemperle v. Wash. Mut. Bank*, No. 10cv1550-MMA (POR), 2010 WL 3958729, at *5 (S.D. Cal. Oct. 7, 2010), (citing *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001); *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998)).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Because the court has granted Defendants' Motion to Dismiss, Defendants' Motion to Strike is hereby **FOUND AS MOOT**. Furthermore, because there are no remaining federal claims and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims, this case is hereby **DISMISSED** for want of subject matter jurisdiction.

**IT IS SO ORDERED**.

-- : 00

Initials of Preparer   se